FILED
2012 Mar-12 AM 10:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LEON HOUSTON EMBRY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CASE NO. 2:11-CV-2796-SLB |
| ) | |
| **CITY OF LEEDS, ALABAMA;** ) | |
| **ALLEN PIERCE, Fire Chief; SCOTT** ) | |
| **FULMER, Fire Captain; ERIC** ) | |
| **PATTERSON, Mayor,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM OPINION**

This case is before the court on defendants' Motions to Dismiss. (Docs. 4, 5.) Because defendant City of Leeds, Alabama, has filed supporting evidence with its Motion to Dismiss, (*see* doc. 4-1), the court converted its Motion to Dismiss to a Motion for Summary Judgment.

Defendants have moved to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted. The purpose of such a motion, authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure, is to test the facial sufficiency of the plaintiff's statement of a claim for relief. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997). "Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010)(internal citations and quotations omitted).

Plaintiff filed his Complaint on the court's General Complaint Form for Pro Se Litigants. (Doc. 1.) This form instructs a pro se litigant to state, "as briefly as possible[,] the FACTS of [his] case," including a description of "how each defendant is involved." (*Id*. at 2.) Despite this instruction, plaintiff stated only conclusory statements of his claims without any factual detail. (*Id*.) He stated:

> 1.  Since April of 2010 I have been constantly harassed, [and] retaliated against. I have been discriminated against due to my race.
>
> 2.  I have been denied job assignments and promotions due to my race.
>
> 3.  I have been discriminated in equal pay.
>
> [4.]  I was disciplined for speaking out against racial and pay practices.
>
> 5.  I was disciplined and later wrongfully terminated.

(*Id*.) Plaintiff did not submit additional factual details in response to defendants' Motions to Dismiss/Motion for Summary Judgment.

Plaintiff's conclusory, general statement of his claims is insufficient to withstand defendants' Motions to Dismiss/Motion for Summary Judgment. To survive a Motion to Dismiss, "the complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals*, LP, 634 F.3d 1352, 1359 (11th Cir. 2011)(quoting *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)))(internal quotations omitted). A claim is "plausible" if the facts are sufficient "to allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, brackets, and internal quotation marks omitted). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

Plaintiff's Complaint does not contain any "facts" respecting the material elements of his claims against defendants. Also, plaintiff did not provide any additional facts in response to defendants' motions, despite an opportunity to do so. Therefore, the court will grant defendants' Motions to Dismiss, (docs. 4 and 5).

An Order granting the Motion to Dismiss/Motion for Summary Judgment filed by the the City of Leeds, (doc. 4), and granting the Motions to Dismiss filed by defendants Pierce, Fulmer, and Patterson, (doc. 5), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 12th day of March, 2012.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

3